BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 20 1977

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE ENVIRONMENTAL PROTECTION  )
AGENCY PESTICIDE LISTING        )   DOCKET NO. 286
CONFIDENTIALITY LITIGATION      )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, AND ANDREW A. CAFFREY**, JUDGES OF THE PANEL

PER CURIAM

   This litigation includes nine actions pending in four federal districts: three in the Northern District of California; four in the District of Delaware; and one each in the Eastern District of Michigan and the Southern District of New York. The actions have been brought by companies which are engaged in the business of developing, producing, and marketing pesticides for agricultural and industrial use. The Administrator of the Environmental Protection Agency (EPA) is a defendant in all actions and the EPA itself is a defendant in several of the actions.

   The Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. §136, et seq., was enacted to control the registra-

---

*/ Judges Becker and Lord took no part in the consideration or decision of this matter.

**/ Judge Caffrey recused himself and took no part in the consideration or decision of this matter.

tion, distribution, and use of pesticides. Under FIFRA, before a pesticide may be distributed, it must be registered by the EPA, and the applicant for registration must submit test data upon which the pesticide's safety and efficiency may be determined. Following registration of a pesticide, FIFRA requires the Administrator of the EPA to make public the data on which he or she relied in granting registration, except for any data that is a trade secret or commercial or financial information which is privileged or confidential. If the Administrator proposes to release information which a registrant believes is exempt from disclosure, the Administrator must notify the registrant, who may then institute an action in federal district court for declaratory relief. Each plaintiff in these actions seeks a declaratory judgment that certain data which has been submitted to the EPA in connection with a pesticide application is exempt from disclosure. Plaintiffs also request an injunction restraining the EPA from disclosing the information. The complaint in the Eastern District of Michigan action contains additional counts which challenge the registration, reregistration, and supplemental registration requirements for pesticides imposed by the EPA under various statutes.

Pursuant to 28 U.S.C. §1407(c)(i) and Rule 8, R.P.J.P.M.L., 65 F.R.D. 253, 258-59 (1975), the Panel issued an order to show cause why all nine actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings.1/

---

1/ The Pesticide Formulators Association (PFA) suggests that the Panel include two additional actions in this litigation -- Mobay Chemical Corp. v. Russell E. Train, et al., W.D. Missouri, No. 76-CV-238-W-4 and No. 76-CV-351-W-1-4. Since the Panel is denying transfer in this litigation, PFA's request is moot.

All plaintiffs oppose transfer of these actions. The defendants favor transfer. We find that these actions raise few if any common questions of fact and that transfer under Section 1407 would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions. Accordingly, we deny transfer.

The defendants argue in favor of transfer that the principal issue which is common to all actions is whether the EPA has properly interpreted the disclosure provisions of FIFRA. This common question, they urge, can best be disposed of by unified proceedings on motions to dismiss in all actions before a single forum. The defendants admit, however, that this issue is primarily a question of law. If the motions to dismiss are denied, defendants maintain, these actions would share questions of fact concerning both industry-wide practices regarding pesticides and the practices of the EPA under FIFRA.

These arguments are not persuasive. On the basis of the record before us, the predominant, and perhaps only, common aspect in these actions is a legal question of statutory interpretation. Any factual issues are primarily, if not entirely, unique questions pertaining to the specific data sought to be exempt from disclosure in each action. Thus, since these actions involve a common question of law and share few, if any, questions of fact, transfer under Section 1407 is inappropriate. See In re Natural

Gas Liquids Regulation Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed June 15, 1977); <u>In re U.S. Navy Variable Reenlistment Bonus Litigation</u>, 407 F. Supp. 1405, 1407 (J.P.M.L. 1976); <u>In re Eastern Airlines, Inc. Flight Attendant Weight Program Litigation</u>, 391 F. Supp. 763, 764 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that the order to show cause pertaining to the actions listed on the following Schedule A be, and the same hereby is, VACATED.

MDL-286 -- <u>IN RE ENVIRONMENTAL PROTECTION AGENCY PESTICIDE LISTING CONFIDENTIALITY LITIGATION</u>

## SCHEDULE A

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chevron Chemical Company v. Russell E. Train, et al. | Civil Action No. C76-1552-RFP |
| Chevron Chemical Company v. Russell E. Train, et al. | Civil Action No. C76-1768-RHS |
| Chevron Chemical Company v. Russell E. Train, et al. | Civil Action No. C76-2222-SC |

### DISTRICT OF DELAWARE

| | |
|---|---|
| Shell Oil Co., et al. v. Russell E. Train, et al. | Civil Action No. 76-239 |
| E. I. duPont de Nemours & Co. v. Russell E. Train, et al. | Civil Action No. 76-288 |
| Shell Oil Company v. Russell E. Train, et al. | Civil Action No. 76-305 |
| Shell Oil Company v. Russell E. Train, et al. | Civil Action No. 76-324 |

### EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| The Dow Chemical Co. v. Russell E. Train | Civil Action No. 76-10087 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Amchem Products, Inc., et al. v. Russell E. Train | Civil Action No. 76 Civ. 2913 |

DOCKET NO. 286

BEFORE THE JUEIDIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 23 1976

TO COUNSEL FOR PARTIES INVOLVED IN THE ENVIRONMENTAL PROTECTION
AGENCY PESTICIDE LISTING CONFIDENTIALITY LITIGATION

PATRICIA HOWARD
CLERK OF THE PANEL

ORDER TO SHOW CAUSE

You and each of you are hereby ordered to show cause why the actions listed on the attached Schedule should not be transferred pursuant to 28 U.S.C. §1407 to a single district for coordinated or consolidated pretrial proceedings.

Responses to this order shall conform with the requirements of Rule 8, of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 65 F.R.D. 253 (1975).

You are further notified that the issuing of this order by the Panel does not affect or suspend orders and discovery proceedings in the district courts in which said multidistrict litigation is pending. RPJPML (Rule 16)

FOR THE PANEL:

*John Minor Wisdom*

John Minor Wisdom
Chairman

Attachment

SCHEDULE A                                                          DOCKET NO. 286

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chevron Chemical Company v. Russel E. Train, et al. | Civil Action No. C76-1552-RFP |
| Chevron Chemical Company v. Russell E. Train, et al. | Civil Action No. C76-1768-RHS |
| Chevron Chemical Company v. Russell E. Train, et al. | Civil Action No. C76-2222-SC |

### DISTRICT OF DELAWARE

| | |
|---|---|
| Shell Oil Co., et al. v. Russell E. Train, et al. | Civil Action No. 76-239 |
| E. I. Du Pont De Nemours & Co. v. Russell E. Train, et al. | Civil Action No. 76-288 |
| Shell Oil Company v. Russell E. Train, et al. | Civil Action No. 76-305 |
| Shell Oil Company v. Russell E. Train, et al. | Civil Action No. 76-324 |

### EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| The Dow Chemical Co. v. Russell E. Train | Civil Action No. 76-10087 |

### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| National Agricultural Chemicals Assn., et al. v. Russell E. Train | Civil Action No. 76 Civ. 2913 |